UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY A. JONES, <br><br> Plaintiff, <br><br> v. <br><br> RHONICE JACOB, <br><br> Defendant. | CAUSE NO. 3:20-CV-830-DRL-MGG |

OPINION & ORDER

Gregory A. Jones, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Jones describes sad circumstances in which his young daughter passed away while in the custody of a woman named Rhonice Jacob. He says the child was removed from Ms. Jacob's custody because of allegations of abuse, but after being placed back in her custody, the child passed away in January 2020. Mr. Jones seeks an award of money damages against Ms. Jacob for wrongful death, among other relief.

Upon review, there is no discernible federal claim in the complaint. Mr. Jones cannot sue a private individual under 42 U.S.C. § 1983, because that statute only applies to government actors. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). There is also no basis to suggest that diversity jurisdiction exists, as it can be discerned that both Mr. Jones and Ms. Jacob are citizens of Indiana. *See* 28 U.S.C. § 1332(a)(1).

Mr. Jones mentions wanting to hold other individuals "responsible for placing [his] daughter in the custody of Rhonice Jacob," but he does not name any other defendants or provide any factual content from which a plausible constitutional claim might be inferred. Therefore, his allegations do not state a viable federal claim. Whether he may have some remedy available in state court is a matter this court does not reach.

In the interest of justice, the court will allow Mr. Jones to amend his complaint if, after reviewing the court's order, he believes that he can establish federal jurisdiction over a claim (as opposed to filing in state court) and state a plausible claim for relief in federal court. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **November 30, 2020** to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

October 30, 2020                                *s/ Damon R. Leichty*
                                                Judge, United States District Court